UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| UNITED STATES OF AMERICA, | No. CV 18-02324-CAS (PJWx) |
|---|---|
| Plaintiff, | |
| v. | [PROPOSED] CONSENT JUDGMENT OF FORFEITURE |
| $65,000.00 IN U.S. CURRENCY, | |
| Defendant. | |
| KENYATTA GARLAND, | |
| Claimant. | |

    Plaintiff and Claimant Kenyatta Garland ("Garland") have made a stipulated request for the entry of this Consent Judgment, resolving this action in its entirety.

    The Court, having considered the stipulation of the parties, and good cause appearing therefor, HEREBY ORDERS, ADJUDGES AND DECREES:

    1.    This Court has jurisdiction over the parties and the subject matter of this action.

    2.    The government has given and published notice of this action as required by law, including Supplemental Rule G for Admiralty or Maritime Claims and Asset

Forfeiture Actions, Federal Rules of Civil Procedure, and the Local Rules of this Court. All potential claimants to the defendant $65,000.00 in U.S. Currency ("defendant currency") other than Garland are deemed to have admitted the allegations of the Complaint. The allegations set out in the Complaint are sufficient to establish a basis for forfeiture.

3. The United States of America shall have judgment as to $62,000.00 of the defendant currency and all interest earned on the entirety of the defendant currency since seizure, and no other person or entity shall have any right, title or interest therein. The United States is ordered to dispose of said funds in accordance with law.

4. $3,000.00 of the defendant currency, without interest, shall be returned to Garland through his counsel. The United States Marshals Service shall release said funds by wire transfer to Garland's counsel, who shall provide the information necessary to make the wire transfer (including bank account and routing information) forthwith. Garland and his attorney shall provide any and all information, including personal identifiers, needed to process the return of these funds according to federal law. The United States Marshals Service shall make the transfer within 60 days of the entry of this judgment or its receipt of the necessary information, whichever is later.

5. Garland has agreed to release the United States of America, its agencies, agents, and officers, including employees and agents of the Drug Enforcement Administration, from any and all claims, actions or liabilities arising out of or related to the seizure and retention of the defendant currency and/or the commencement of this civil forfeiture action, including, without limitation, any claim for attorneys' fees or costs that may be asserted on behalf of Claimant against the United States, whether pursuant to 28 U.S.C. § 2465 or otherwise. If Garland submitted a petition for remission to the defendant currency in any proceedings, Garland hereby stipulates to withdraw the petition, and waive any rights he may have to seek remission or mitigation of the forfeiture of the defendant currency.

///

6. The Court finds that there was reasonable cause for the seizure of the defendant currency and institution of these proceedings. This consent judgment shall be construed as a certificate of reasonable cause pursuant to 28 U.S.C. § 2465.

7. Each of the parties shall bear its own fees and costs in connection with the seizure, retention and return of the defendant currency.

Dated: June 21, 2018

_____
THE HONORABLE CHRISTINA A. SNYDER
UNITED STATES DISTRICT JUDGE

Presented by:

NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section


   /s/
_____
KATHARINE SCHONBACHLER
Assistant United States Attorney

Attorneys for Plaintiff
UNITED STATES OF AMERICA

3